| Debtor(s): | **Brandon James Screws** <br> **Kristi Lynn Screws** | Case Number: | **19-11507** |

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA**

# Chapter 13 Plan – Western District of Louisiana - Shreveport Division

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

**Part 1:** Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan*.

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☑ Included | ☐ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

**Part 2:** Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $**790.00** per **month** for **1** month, and
$**857.78** per **month** for **42** months.
$**871.76** per **month** for **17** months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$_____ per _____ for _____ months, and

| Debtor(s): | **Brandon James Screws** | Case Number: | **19-11507** |
|---|---|---|---|
| | **Kristi Lynn Screws** | | |

**Check one:** The applicable commitment period is:  
36 months (Below Median Income) ☐  
60 months (Above Median Income) ☑

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds**. During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

> **Debtor(s) may retain the greater of: (a) monies credited for federal Earned Income Credit; or (b) $500.00. Debtor(s) must turn over to the Trustee the remainder of the federal and/or state tax refund(s) within 14 days of receipt of said refund(s) for any refund received while the case is pending**

**2.3 Additional Payments. (In addition to 2.1 above)**  
*Check one.*

☑ **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| **21st Mortgage Corp** | **7252 Williams Road Keithville, LA 71047** | $575.00 | $1,850.00 | November 2019 |
| | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s)<br>☐ Third party – Name & Relationship to Debtor(s) | | |

☐ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post Petition total Unpaid |
|---|---|---|---|---|
| **-NONE-** | | | | |

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

| Debtor(s): | **Brandon James Screws** <br> **Kristi Lynn Screws** | Case Number: | **19-11507** |
|---|---|---|---|

*Check one*.

- [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only in the applicable box in Part 1 of this plan is checked.*

- [✓] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| **Conn's** | **$1,600.00** | **Refrigerator** | **$1,600.00** | **$1,600.00** | **7%** | **$31.68** |
| **Ivan Smith Furniture** | **$1,550.00** | **Bedroom Furniture** | **$200.00** | **$200.00** | **7%** | **$3.96** |
| **Republic Finance** | **$5,500.00** | **Misc. HHGs** | **$700.00** | **$700.00** | **7%** | **$13.86** |

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

*Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor(s): | **Brandon James Screws**<br>**Kristi Lynn Screws** | Case Number: | **19-11507** |
|---|---|---|---|

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | Value |
|---|---|---|
| Toyota Motor Credit | 2017 Toyota Camry 90,000 miles | $12,362.50 |

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

### 4.2 Administrative fees

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **3,600.00** of which $ **3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0.00** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

### 4.3 Priority claims other than attorney's fees and those treated in § 4.4.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Simon Fitzgerald, LLC | Noticing Costs | $250.00 |

### 4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Non-priority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

| Debtor(s): | **Brandon James Screws**<br>**Kristi Lynn Screws** | Case Number: | **19-11507** |
|---|---|---|---|

Based upon the scheduled unsecured and undersecured claims in the amount of $**58,029.85**, it is anticipated unsecured creditors will be paid approximately $**3,840.00**, which is approximately **6.62** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**3,840.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.

### Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| Toyota Motor Credit | $123.62 |

**8.2 Changed Circumstances.**

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

### Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the* Official Chapter 13 Plan Form for the Western District of Louisiana *or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.1.

> **Pursuant to 11 U.S.C. 1326(b)(1), any administrative expenses (except for the additional $600.00 "no-look" attorney fee) shall be paid in full immediately following the payment of Trustee fees, any accrued adequate protection payments, and any accrued conduit mortgage and accrued conduit lease payments provided for in the plan, but prior to the distribution of any non-administrative claim. These administrative fees shall be paid from all plan payments under 2.1, 2.2 and 2.3 plus any other sums submitted to the Trustee and available for distribution under the plan except for insurance proceeds required to be disbursed to a specific creditor as provided in the Standing Order Regarding Insurance Proceeds Constituting Cash Collateral.**

| Debtor(s): | **Brandon James Screws** | Case Number: | **19-11507** |
|---|---|---|---|
| | **Kristi Lynn Screws** | | |

> **Regarding the mortgage included in Plan Section 3.1 A or 3.1.B, in the event a timely filed Notice of Mortgage Payment Change has been filed to which no party in interest has filed a motion pursuant to Rule 3002.1(2), the Trustee is authorized to disburse the mortgage payment in accordance with the Notice of Mortgage Payment Change. If the Notice of Mortgage Payment Change represents more than a $3.00 change from the amount of the mortgage payment determined under the provisions of Section 3.1.A or 3.1.B. of the plan, the chapter 13 plan payment is automatically increased or decreased by the amount of the increase or decrease required by the Notice of Mortgage Payment Change and applicable Trustee fee. The Chapter 13 Trustee is authorized to submit an amended wage order as may be required.**

**Part 10:** **Signatures**

| /s/ L. Laban Levy | Date: | **October 2, 2019** |
|---|---|---|
| **L. Laban Levy #28658** | | |
| Signature of Attorney for Debtor(s) | | |

| /s/ Brandon James Screws | Date: | **October 2, 2019** |
|---|---|---|
| **Brandon James Screws** | | |
| Debtor | | |
| /s/ Kristi Lynn Screws | Date: | **October 2, 2019** |
| **Kristi Lynn Screws** | | |
| Joint Debtor | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

***************************

| | | |
|---|---|---|
| **IN RE:** Brandon James Screws | : | Case No: 19-11430 |
| Kristi Lynn Screws | : | |
| Debtors | : | Chapter 13 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 4, 2019** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee             Todd S. Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated:** October 4, 2019

                          **By:**    /s/ Kristie C. Jones
                                  Kristie C. Jones,
                                  Legal Assistant to L. Laban Levy

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0536-5<br>Case 19-11507<br>Western District of Louisiana<br>Shreveport<br>Fri Oct  4 15:19:06 CDT 2019 | 21st Mortgage Corp<br>620 Market St, Ste 100<br>Knoxville, TN 37902-2207 | Action Revenue Recovery<br>910 Bres  Ave.<br>Monroe, LA 71201-5955 |
| Allergy, Asthma and Immunology<br>2530 Bert Kouns Loop<br>Suite 112<br>Shreveport, LA 71118-3153 | American Medical Collection<br>4 Westchester Plaza, Suite 110<br>Elmsford, NY 10523-1615 | (p)BANCORPSOUTH<br>BANKRUPTCY DEPARTMENT<br>P O BOX 4360<br>TUPELO MS 38803-4360 |
| Best Buy/CBNA<br>50 Northwest Point Road<br>Elk Grove Village, IL 60007-1032 | Caddo Parish Sheriff<br>505 Travis St., 7th Floor<br>Shreveport, LA 71101-3029 | Capital One<br>POB 60599<br>City of Industry, CA 91716-0599 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Care Credit<br>POB 965064<br>Orlando, FL 32896-5064 | Comenity Bank/LNBryant<br>P.O. Box 182789<br>Columbus, OH 43218-2789 |
| Comenity Bank/Torrid<br>POB 182685<br>Columbus, OH 43218-2685 | Conn's<br>3295 College Street<br>Beaumont, TX 77701-4611 | Credence Resource Management LLC<br>17000 Dallas Pkwy<br>Suite 204<br>Dallas, TX 75248-1940 |
| Credit One Bank NA<br>PO Box 98875<br>Las Vegas, NV 89193-8875 | Cristina Walker<br>Assistant United States Attorney<br>Western District of Louisiana<br>300 Fannin Street, Suite 3201<br>Shreveport, LA 71101-3120 | DBA WK Emergency Dept Group<br>PO Box 8608<br>Metairie, LA 70011-8608 |
| Delta Pathology<br>3000 Knight Street<br>Bldg. 5, Ste. #220<br>Shreveport, LA 71105-2566 | Dept. of Education/Nelnet<br>121 S 13th St.<br>Lincoln, NE 68508-1904 | Dermatology & Skin Care Surger<br>9007 Ellerbe Rd.<br>Shreveport, LA 71106-6724 |
| Dermatology & Skin Surgery<br>9007 Ellerbe Road<br>Shreveport, LA 71106-6724 | Diagnostic Imaging Accoc LLC<br>PO Boc 3488 Dept. 05-042<br>Tupelo, MS 38803-3488 | Highland Clinic<br>POB 51455<br>Shreveport, LA 71135-1455 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Ivan Smith Furniture<br>5434 Technology Drive<br>Shreveport, LA 71129-2682 |
| Ivan Smith Furniture<br>Corporate Office<br>5434 Technology Drive<br>Shreveport, LA 71129-2682 | Ivan Smith Furniture<br>Legal Department<br>1110 West 70th Street<br>Shreveport, LA 71106-3545 | Todd Johns (Ch 13 Trustee)<br>Chapter 13 Trustee<br>POB 1770<br>Shreveport, LA 71166-1770 |

| | | |
|---|---|---|
| LSU Health - Dept 2660<br>PO Box 11407<br>Birmingham, AL 35246-2010 | L. Laban Levy<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave., Ste. 200<br>Shreveport, LA 71106-1533 | Louisiana Department of Revenue and Taxation<br>Attn:  Bankruptcy Division<br>P.O. Box 66658<br>Baton Rouge, LA 70896-6658 |
| Marshall Dental Associates<br>1809 S. Washington Street<br>Marshall, TX 75670-6855 | Mary Brehmer<br>7244 Williams Road<br>Keithville, LA 71047-5517 | Monterey Financial Services, LLC<br>12081 Collections Center Drive<br>Chicago, IL 60693-0001 |
| (p)LENI ENGLE<br>ATTN OCHSNER LSU HEALTH<br>1450 POYDRAS STREET<br>25TH FLOOR<br>NEW ORLEANS LA 70112-1227 | Office of District Counsel<br>Internal Revenue Service<br>POB 30509<br>New Orleans, LA 70190-0509 | Opploans/Finwise<br>130 E. Randolph Street, Suite 34<br>Chicago, IL 60601-6207 |
| Pierremont Anesthesia Consultant<br>1945 E. 70th Street<br>POB 52448<br>Shreveport, LA 71135-2448 | Pierremont Cardiology<br>1811 East Bert Kouns #210<br>Shreveport, LA 71105-5740 | Progressive Leasing<br>256 W. Data Drive<br>Draper, UT 84020-2315 |
| Pulmonary & Critical Care Spec<br>PO Box 52598<br>Shreveport, LA 71135-2598 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | Retail Merchants Association<br>620 Crockett Street<br>Shreveport, LA 71101-3604 |
| Brandon James Screws<br>7252 Williams Road<br>Keithville, LA 71047-5517 | Kristi Lynn Screws<br>7252 Williams Road<br>Keithville, LA 71047-5517 | State of Louisiana, Department of Labor<br>Delinquent Accounts Unit,UI Tech Support<br>1001 North 23rd Street, Room 322<br>Baton Rouge, LA 70802-3338 |
| The Bureaus<br>1717 Central St.<br>Evanston, IL 60201-1507 | Toyota Motor Credit<br>POB 9786<br>Cedar Rapids, IA 52409-0004 | Office of U. S. Trustee<br>300 Fannin St., Suite 3196<br>Shreveport, LA 71101-3122 |
| Velocity Care<br>POB 2204<br>Loves Park, IL 61131-0204 | WK Family Physicians<br>1811 E. Bert Kouns, 400<br>Shreveport, LA 71105-5764 | WK Pediatric Intensivists<br>2510 West Bert Kouns Ind Loop<br>Shreveport, LA 71118-3119 |
| WK Pierremont<br>8001 Youree Drive<br>Shreveport, LA 71115-2302 | WK South<br>2510 Bert Kouns Industrial Loop<br>Shreveport, LA 71118-3119 | WKANES Services<br>POB 52775<br>Shreveport, LA 71135-2775 |
| Willis Knighton Anes Services<br>PO Box 52775<br>Shreveport, LA 71135-2775 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bancorp South<br>9200 Mansfield Road<br>Shreveport, LA 71118 | Capital One Bank<br>15000 Capital One Drive<br>Richmond, VA 23238 | Insolvency Unit<br>Internal Revenue Service<br>1555 Poydras St.<br>Suite 220, Stop 31<br>New Orleans, LA 70112 |
| Ochsner LSU Health<br>1541 Kings Highway<br>Shreveport, LA 71103 | Republic Finance<br>7031 Commerce Cir, Suite 10<br>Baton Rouge, LA 70809 | (d)Republic Finance<br>855 Pierremont Rd. Ste 106<br>Shreveport, LA 71106 |

End of Label Matrix
Mailable recipients    57
Bypassed recipients     0
Total                  57